## CONFIDENTIAL SETTLEMENT AGREEMENT

THIS CONFIDENTAL SETTLEMENT AGREEMENT ("Agreement") is made this 1st day of April 2016 ("Effective Date"), by and between Haroldo Ordonez-Esquivel ("Plaintiff Esquivel") and Gabriel Ansueto-Castro ("Plaintiff Castro"), collectively ("Plaintiffs"), and Charles Brothers, Inc., d/b/a Popeye's ("Defendant"). Plaintiffs and Defendant are referred to collectively as the "Parties." This Agreement constitutes a full and final resolution of all grievances, complaints, charges, claims, causes of action, lawsuits and actions of any type or nature that could be brought pursuant to applicable law relating to Plaintiffs' employment with Defendant.

**WHEREAS,** certain disputes, claims and alleged causes of action have existed by and between the Parties and arose out of and are related to Plaintiffs' employment.

**WHEREAS,** Defendant denies engaging in any wrongdoing and has asserted defenses thereto;

**WHEREAS,** the Parties have reached an agreement with each other pursuant to which they will fully and finally resolve all claims alleged by, related to, and/or arising from Plaintiffs' employment;

**NOW IN CONSIDERATION** of the mutual promises and covenants provided for by this Agreement, the sufficiency of which the Parties acknowledge, the Parties do hereby agree as follows:

**1. SETTLEMENT AMOUNT.**

Defendant shall pay, and Plaintiffs agree to accept, in full payment of all claims and causes of action, the aggregate sum of Fifty-Five Thousand Five Hundred Dollars and No Cents ($55,500.00) (the "Settlement Payment") no later than twenty (21) business days following



Plaintiffs' execution of this Agreement.  Of the Settlement Payment:

    (a)    Thirty-Four Thousand Dollars and No Cents ($34,000.00) represents payment by Defendant to Plaintiff Esquivel for full compensation of any and all lost wages.  This settlement reflects compensation for alleged unpaid wages (50%) and liquidated damages (50%).  Plaintiff Esquivel will be issued one check in the gross amount of $17,000.00 from which Defendant will pay all required withholdings and issue to Plaintiff a Form W-2.  Plaintiff Esquivel will be issued a second check in the gross amount of $17,000.00 with no withholdings, reflecting the liquidated damages, and will be issued a Form 1099 at the end of the year, and will be responsible for the payment of all taxes that may be associated with this entire amount.

    (b)    Ten Thousand Dollars and No Cents ($10,000.00) represents payment by Defendant to Plaintiff Castro for full compensation of any and all lost wages.  This settlement reflects compensation for alleged unpaid wages (50%) and liquidated damages (50%).  Plaintiff Castro will be issued one check in the gross amount of $5,000.00 from which Defendant will pay all required withholdings and issue to Plaintiff a Form W-2.  Plaintiff Castro will be issued a second check in the gross amount of $5,000.00 with no withholdings, reflecting the liquidated damages, and will be issued a Form 1099 at the end of the year, and will be responsible for the payment of all taxes that may be associated with this entire amount.

    (c)    Eleven Thousand Five Hundred and No Cents ($11,500.00) represents attorneys' fees and costs paid to The Law Offices of Roberto Allen, LLC, and with respect to which the Defendant shall issue and file a Form 1099.

The Parties agree that each is responsible for any local, state, or federal taxes associated with the payments made and received under this Agreement.  Each party therefore agrees to make no claim against the other for any payment or non-payment of taxes or regarding or



relating to the reporting of the payment described in this Agreement, if any, to any taxing authorities. Plaintiffs acknowledge and agree that Defendant has made no representations regarding the tax consequences of the moneys received by each Plaintiff pursuant to this Agreement.

**2. FULL RELEASE OF CLAIMS.** Plaintiffs, on Plaintiffs' own behalf and that of Plaintiffs' heirs, agents, executors, attorneys, administrators, successors and assigns, hereby fully release and discharge Defendant and its predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and all of their directors, officers, shareholders, partners, heirs, attorneys and agents, both in their individual and official capacities, (collectively "Released Parties"), from any and all liability, claims, and demands, whether presently known or unknown, including, but not limited to any claims:

(a) Arising directly or indirectly out of, relating to, or resulting from Plaintiffs' employment; and

(b) Arising under tort, contract or any other common law claim, or by any federal, state, or local law, statute, ordinance, rule, or regulation prohibiting harassment and discrimination, including but not limited to the Civil Rights Acts of 1866, 1871, 1991 and Title VII of the Civil Rights Act of 1964, as amended; the Fair Labor Standards Act, the Employee Retirement Income Security Act of 1974; the Americans with Disabilities Act; the Age Discrimination in Employment Act, as amended; the Family and Medical Leave Act; for equitable relief, compensatory, punitive or other damages, or for expenses including attorneys' fees) (collectively the items in (a) and (b) of this section 2 are referred herein as "Claims"). It is understood and agreed that this is a full and final release applying not only to all claims as defined in this Paragraph that are presently

3



known, anticipated or disclosed to Plaintiffs, but also to all claims as defined in this Paragraph that are presently unknown, unanticipated, and undisclosed to Plaintiffs and which may have occurred prior to the date of execution of this Agreement.

By executing this Agreement, Defendant and its predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and all of their directors, officers, shareholders, partners, heirs, attorneys and agents, both in their individual and official capacities specifically release all Claims against Plaintiffs relating to their former work relationship with Defendant, including without limitation any and all Claims pertaining to breach of an express or implied contract arising from their former work relationship with Defendant or in connection with services rendered by each of them to Defendant.

**3. COVENANT NOT TO SUE.** Plaintiffs hereby covenant not to sue, and covenant not to institute or cause to be instituted, or in any way participate in any legal or administrative actions or proceedings against Defendant with respect to the matters released in this Agreement. Plaintiffs further represent that, no claims, litigation, legal or administrative actions or proceedings have been filed or are pending against Defendant. This Paragraph does not prohibit actions necessary to legally enforce this Agreement, nor participation in governmental actions or government investigations which are required or compelled by law, provided that such action or proceeding were not initiated by Plaintiffs.

**4. NO ADMISSIONS.** This Agreement represents a compromise and settlement of disputed matters that were or could have been raised. Accordingly, it shall not be construed as an admission or concession, express or implied, as to any alleged wrongdoing or liability by Defendant.



**5. REPRESENTATIONS OF AUTHORITY.** Each Party to this Agreement represents and warrants to the others that he has full power and authority to enter into and bind him or herself to this Agreement.

**6. CONFIDENTIALITY.** The Parties agree that all settlement discussions and matters leading up to and including the fact of or content of the terms of this Agreement, are strictly confidential. The Parties agree that they will maintain the confidentiality of the terms of this Settlement Agreement, and shall not disclose any information relating to the terms of this Agreement to any individual other than their respective immediate family members, tax or financial advisor and legal counsel, or the Court for purposes of enforcement or providing truthful testimony or disclosures as required by law. In the event that any Party receives a subpoena or other notice requiring him or her to provide testimony or make disclosures in any way relating to the substance of this Agreement, including the Agreement itself, the Party receiving such subpoena or other notice agrees to notify the other Parties immediately so that he or she can exercise his or her right to interpose an objection or other challenge to the giving of such testimony or disclosures. The Parties agree that if asked about any dispute between Plaintiffs and Defendant, they may state the matter "has settled," "been dismissed," "been resolved," or words to that effect.

**7. NON-DISPARAGEMENT.** Plaintiffs agree that other than (i) as compelled by a court, agency or tribunal of competent jurisdiction; (ii) as necessary to comply with privileged request(s) from tax advisors, accountants or attorneys for legitimate business purposes or to seek legal advice from an attorney; or (iii) as necessary to enforce the terms of this Agreement; they will not willfully make any false or derogatory statements about Defendant, including any of its directors, officers, employees, agents or representatives, or about any of its business affairs,

5



employment practices and financial condition to any person, client, entity, media outlet, industry group, financial institution, or third-party relationships, sponsorships, or partnerships.

**8. EXECUTION.** The Parties represent and agree that they have carefully read and fully understand all provisions of this Agreement; that they have had an opportunity to negotiate the terms hereof; that they have reviewed all aspects of this Agreement with their respective counsel or a competent party; and that they are entering into it knowingly and voluntarily. The Parties also agree that this Agreement may be executed on different signature pages. Delivery of signatures by facsimile or .pdf will be accepted and are agreed by all Parties to be treated the same as original signatures.

**9. GOVERNING LAW.** The Parties agree that the laws of Maryland shall govern this Agreement, and any issues arising hereunder. All controversies or disputes arising out of this Agreement shall be heard in the United States District Court for the District of Maryland, with the Parties hereto consenting and submitting to the jurisdiction and venue of that court. Prior to any filing in court, however, the Parties agree to confer in a good-faith effort to resolve any such issues or disputes.

**10. ENTIRE AGREEMENT.** This Agreement constitutes the entire understanding between the Parties with regard to the matters set forth herein and supersedes any and all previous agreements, written or oral, relating to the subject matter hereof. There are no oral or written representations, warranties, agreements, arrangements or undertakings between the Parties that are not fully expressed in this Agreement.

**11. ATTORNEYS' FEES AND COSTS.** In the event of a breach of any provision of this Agreement, or if any action is necessary to enforce any rights or obligations as specified



herein, the prevailing party in such action shall be entitled to its reasonable attorney's fees, court costs, and appellate costs, if applicable.

12. **AMENDMENT.** Any amendment or modification to this Agreement must be made in writing and signed by all Parties. The waiver by one Party of any breach of this Agreement by another Party shall not be deemed a waiver of any other prior or subsequent breach of this Agreement. The drafting of this Agreement shall be deemed a mutual endeavor by all of the Parties, and shall not be construed against any single Party as the drafter.

13. **SEVERABILITY.** If any terms or provisions of this Agreement are determined to be invalid or unenforceable by a court of law of competent jurisdiction, the parties hereto agree that such a determination will not affect the validity or enforceability of the remaining terms and provisions of this Agreement, which will remain in full force and effect.

14. **NO THIRD-PARTY BENEFICIARIES/THIRD PARTY RELEASES.** There are no third-party beneficiaries of this Agreement, and, with the exception of the persons or entities listed herein, no third party is intended by the Parties to be released hereby from any obligation, duty or liability whatsoever.

**IN WITNESS WHEREOF**, and intending to be legally bound, the Parties have executed the foregoing Settlement Agreement below.

Dated: 4/1/2016        By: _____
                            Haroldo Ordonez-Esquivel

Dated: 4/1/2016        By: _____
                            Gabriel Ahsueto-Castro

Dated: 4-4-2016        By: _____
                            John Samuel, on behalf of Charles Brothers, Inc.

7