**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

| | | |
|---|---|---|
| | * | |
| **Haroldo Ordonez-Esquivel, et al.** | * | |
| **Plaintiffs,** | * | |
| **v.** | | **Case No.: PX-15-3034** |
| | * | |
| **Charles Bros., Inc. d/b/a Popeyes, et al.** | | |
| | * | |
| **Defendants.** | | |
| | * | |

* * * * * * * * * * * * *

**MEMORANDUM OPINION**

Plaintiffs Haroldo Ordonez-Esquivel and Gabriel Ansueto-Castro (collectively, "Plaintiffs") and Defendants Charles Bros., Inc. d/b/a Popeyes, Charles Bros., Inc. II d/b/a Popeyes, Charles Bros., Inc. III d/b/a Popeyes, Charles Bros., Inc., IV d/b/a Popeyes, and Rajan Charles (collectively, "Defendants"), jointly move for approval of a settlement agreement. Plaintiffs filed this action alleging that Defendants denied them overtime pay in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*., and the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Article ("LE") § 3-401 *et seq*., and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, LE § 3-501 *et seq*. ECF No. 15.

The Court has reviewed the Amended Complaint, the parties' Joint Motion for Approval of Settlement Agreement, and the Settlement Agreement and Release. ECF Nos. 15, 23 & 23-2. For the reasons explained below, the Court finds that *bona fide* disputes exist under the FLSA, the settlement agreement is a fair and reasonable compromise of the disputes, and the attorney's fees are reasonable. *See Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982); *Leigh v. Bottling Group, LLC*, No. DKC 10-0218, 2012 WL 460468, at * 4 (D. Md.

Feb. 10, 2012); *Lopez v. NTI, LLC*, 748 F. Supp. 2d 471, 478 (D. Md. 2010). Therefore, the Court will GRANT the motion and instruct the clerk to close this case.

## I. BACKGROUND

Plaintiff Ordonez-Esquivel worked as a cook, cashier or cleaner at Defendants' Popeyes Restaurant in Ft. Meade, Maryland on a reoccurring basis between 2011 and 2015. ECF No. 15 at ¶ 14. Plaintiff Ansueto-Castro worked as a cook or cleaner at Defendants' Popeyes Restaurant in Laurel, Maryland on a reoccurring basis between 2005 and 2015. *Id.* at ¶ 15. Plaintiffs alleged that they were denied overtime wages during this time period for hours worked in excess of forty hours per work week. *Id.* ¶¶ 16-19.

Plaintiff Ordonez-Esquivel filed the initial Complaint on October 6, 2015. ECF No. 1. After early and unsuccessful settlement discussions, Plaintiff Ordonez-Esquivel filed the Amended Complaint on January 29, 2016, adding Plaintiff Ansueto-Castro as a party. ECF No. 15. The parties engaged in ongoing settlement discussions and exchanged informal discovery. *See* ECF No. 23. On June 6, 2016, the parties submitted the Joint Motion for Settlement Approval. *Id.*

## II. DISCUSSION

### A. FLSA Settlements

The FLSA does not permit settlement or compromise over alleged FLSA violations except with (1) supervision by the Secretary of Labor or (2) a judicial finding that the settlement reflects "a reasonable compromise of disputed issues" rather than "a mere waiver of statutory rights brought about by an employer's overreaching." *Lynn's Food Stores, Inc.*, 679 F.2d at 1354; *see also Lopez*, 748 F. Supp. 2d at 478 (explaining that courts assess FLSA settlements for reasonableness). These restrictions help carry out the purpose of the FLSA, which was enacted

"to protect workers from the poor wages and long hours that can result from significant inequalities in bargaining power between employers and employees." *Duprey v. Scotts Co. LLC*, 30 F. Supp. 3d. 404, 407 (D. Md. 2014). Before approving an FLSA settlement, courts must evaluate whether the "settlement proposed by an employer and employees . . . is a fair and reasonable resolution of a *bona fide* dispute over FLSA provisions." *Lynn's Food Stores, Inc.*, 679 F.2d at 1355 (emphasis added). To do so, courts examine whether there are FLSA issues actually in dispute, the fairness and reasonableness of the settlement, and the reasonableness of the attorney's fees. *Duprey*, 30 F. Supp. 3d. at 408 (internal citations omitted). "These factors are most likely to be satisfied where there is an 'assurance of an adversarial context' and the employee is 'represented by an attorney who can protect [his] rights under the statute.'" *Id.* (citing *Lynn's Food Stores, Inc.*, 679 F.2d at 1354).

**B. *Bona Fide* Dispute**

In determining whether a *bona fide* dispute over FLSA liability exists, the Court reviews the pleadings, any subsequent court filings, and the parties' recitals in the proposed settlement. *See Lomascolo v. Parsons Brinkernoff, Inc.*, No. 1:08cv1310 (AJT/JFA), 2009 WL 3094955 at *10 (E.D. Va. Sept. 28, 2009). Here, while Plaintiffs claimed they were denied overtime wages, the Defendants initially contested Plaintiffs' position. ECF No. 17. Whether Plaintiff is entitled to overtime wages as a covered employee under the FLSA is a fact-specific inquiry that is frequently at the heart of FLSA litigation. *See, e.g.*, *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298 (4th Cir. 2006).

Further, the parties dispute whether Plaintiffs were entitled to liquidated damages. ECF No. 23-1 at 4. The FLSA provides for liquidated damages. 29 U.S.C. § 216(b). However, where the Defendant employer demonstrates that its failure to comply with the FLSA was in good faith

and based on reasonable grounds for believing that its act or omission was not a violation of the FLSA, the Court may refuse to award liquidated damages. *See* 29 U.S.C. § 260. *See also Burnley v. Short*, 730 F.2d 136, 139–40 (4th Cir. 1984). Here, Defendants claim that Plaintiffs were not entitled to liquidated damages because Defendants acted in good faith at all times. ECF No. 23-1 at 4. Accordingly, *bona fide* disputes over FLSA liability exist in this case.

**C. Fairness & Reasonableness**

In determining whether a settlement of FLSA claims is fair and reasonable, the Court may consider the following:

> (1) the extent of discovery that has taken place; (2) the stage of the proceedings, including the complexity, expense and likely duration of the litigation; (3) the absence of fraud or collusion in the settlement; (4) the experience of counsel who have represented the plaintiffs; (5) the opinions of class counsel and class members after receiving notice of the settlement whether expressed directly or through failure to object; and (6) the probability of plaintiffs' success on the merits and the amount of the settlement in relation to the potential recovery.

*Lomascolo*, 2009 WL 3094955, at *10. Here, the exhibits supporting the request for attorney's fees demonstrate that the parties devoted a significant amount of time to settlement negotiations. ECF No. 23-3. For example, lead counsel for the plaintiffs, Roberto N. Allen, reports that he spent 10.5 hours in settlement negotiations. The parties also exchanged a substantial volume of documents and information through informal discovery. ECF No. 23-1 at 5. Thus, the parties had sufficient opportunity to "obtain and review evidence, to evaluate their claims and defenses[,] and to engage in informed arms-length settlement negotiations with the understanding that it would be a difficult and costly undertaking to proceed to trial of this case." *Lomascolo*, 2009 WL 3094955 at *11.

No evidence suggests that the parties engaged in any fraud or collusion in the settlement. Under the settlement agreement, Plaintiff Ordonez-Esquivel will receive $34,000, 50% of which reflects unpaid wages and 50% as liquidated damages. Plaintiff Ansueto-Castro will receive $10,000, 50% of which reflects unpaid wages and 50% as liquidated damages. ECF No. 23-2 at 2.[1] Given that the Plaintiffs claimed $15,037.07 and $4,684.15 in unpaid overtime respectively, and "[i]n light of the risks and costs associated with proceeding further and Defendants' potentially viable defenses, this amount appears to reflect a reasonable compromise over issues actually in dispute." *Saman v. LBDP, Inc.*, No. DKC-12-1083, 2013 WL 2949047, at *5 (D. Md. June 13, 2013) (citation and internal quotation marks and brackets omitted).

Finally, although the settlement agreement contains a general release of claims beyond those in the Amended Complaint, and a general release can render an FLSA settlement agreement unreasonable, the Court is not required to evaluate the reasonableness of the settlement as it relates to non-wage-dispute claims if the employee is compensated reasonably for the release executed. *Duprey*, 30 F. Supp. 3d. at 410. Considering all of the above, the Court finds that the proposed settlement is fair and reasonable.

**D. Attorney's Fees**

Traditionally, "[i]n calculating an award of attorney's fees, the Court must determine the lodestar amount, defined as a 'reasonable hourly rate multiplied by hours reasonably expended.'" *Lopez v. XTEL Const. Grp., LLC*, 838 F. Supp. 2d 346, 348 (D. Md. 2012) (citing *Grissom v. The Mills Corp.*, 549 F.3d 313, 320–21 (4th Cir. 2008) and *Plyler v. Evatt*, 902 F.2d 273, 277 (4th Cir. 1990)). An hourly rate is reasonable if it is "in line with those prevailing in the community

[1] Because each Plaintiff earned a different hourly wage and at different restaurants with different work schedules, the settlement amounts were negotiated separately and differ accordingly. ECF No. 23-1 at 2.

for similar services by lawyers of reasonably comparable skill, experience and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). This Court has established rates that are presumptively reasonable for lodestar calculations. *See* Loc. R. App. B.

Here, Plaintiffs have been represented by Roberto N. Allen, Esq. ECF No. 23-3. Mr. Allen has been admitted to the bar for over eighteen years and billed in this case at a rate of $425 per hour for time spent on investigation, case preparation, and settlement negotiations. *Id.* The total amount in attorney's fees accrued by Plaintiff's counsel in this litigation was $13,515. ECF No. 23-3. While the rate charged is at the high end of the range set forth in Appendix B of this Court's Local Rules, it is nonetheless presumptively reasonable. Plaintiffs' counsel also negotiated fees separately from Plaintiffs' settlement awards, ECF No. 23-1 at 2, and reduced his fees by 18.6% to $11,000. ECF No. 23-3 at 2. The Court, therefore, finds the attorney's fees to be fair and reasonable under the lodestar approach.

## III. CONCLUSION

For the reasons stated above, the Joint Motion for Approval of Settlement Agreement is GRANTED.

A separate Order shall issue.

Dated: June 10, 2016

PAULA XINIS
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
***Southern Division***

| | | |
|---|---|---|
| **Haroldo Ordonez-Esquivel, et al.** | * | |
| **Plaintiffs,** | * | |
| **v.** | * | **Case No.: PX-15-3034** |
| **Charles Bros., Inc. d/b/a Popeyes, et al.** | * | |
| **Defendants.** | * | |

* * * * * * * * * * * * *

**ORDER**

For the reasons stated in the Memorandum Opinion signed this same date, it is hereby ORDERED that:

1. The parties' Joint Motion for Approval of Settlement Agreement, ECF No. 23, is GRANTED;
2. The Settlement Agreement and Release, ECF No. 23-2, is APPROVED;
3. This case is DISMISSED WITH PREJUDICE; and
4. The Clerk SHALL CLOSE this case.

Dated: June 10, 2016

PAULA XINIS
United States District Judge